# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO

FILED 2015 MAR 12 P 3: 20
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

V.

LUKE BRUGNARA,

CR. 14-0306 WHA

DEFENDANT(S).

## INDICTMENT

Title 18 U.S.C. § 1341 - Mail Fraud;
Title 18 U.S.C. § 1343 - Wire Fraud;
Title 18 U.S.C. § 1623 - False Declaration Before Court;
Title 18 U.S.C. § 751(a) - Escape;
Title 18 U.S.C. § 401(3) - Contempt of Court;
Title 18 U.S.C. § 982(a)(1)(c) and Title 28; U.S.C. § 2461(c) Forfeiture Allegation

A true bill.

_____ Foreman

Filed in open court this 12th day of March, 2015.

MARIA-ELENA JAMES
UNITED STATES MAGISTRATE JUDGE

ROSE MAHER
Clerk

**NO PROCESS**
Bail, $ _____

PER 18 U.S.C. 3170

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ INFORMATION ☑ INDICTMENT

Matter Sealed: ☐ Juvenile ☐ Other than Juvenile
☐ Pre-Indictment Plea ☑ Superseding ☐ Defendant Added
☑ Indictment ☑ Charges/Counts Added
☐ Information

Name of District Court, and/or Judge/Magistrate Location (City)

UNITED STATES DISTRICT COURT
DISTRICT OF — Northern California (SF) Divisional Office

Name and Office of Person Furnishing Information on THIS FORM: Melinda Haag
☐ U.S. Atty ☐ Other U.S. Agency Phone No.

Name of Asst. U.S. Attorney (if assigned): Robin Harris/Benjamin Kingsley

CASE NO. CR14-0306 WHA
USA vs.
Defendant: Luke D. Brugnara

Address:

FILED
MAR 12 2015
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

☐ Interpreter Required   Dialect: _____

Birth Date: 10/18/1963   ☑ Male   ☐ Alien
☐ Female   (if applicable)

Social Security Number _____

## PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court (give name of court)

☐ this person/proceeding transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. Atty ☐ Defense

☑ this prosecution relates to a pending case involving this same defendant. (Notice of Related Case must still be filed with the Clerk.)

☑ prior proceedings or appearance(s) before U.S. Magistrate Judge regarding this defendant were recorded under

SHOW DOCKET NO.
CR 14-0306 WHA

MAG. JUDGE CASE NO.
3 14 70731 JSC

Place of offense: San Francisco   County

## DEFENDANT

Issue: ☐ Warrant ☐ Summons

Location Status:
Arrest Date 5/28/2014 ___ or Date Transferred to Federal Custody ___

☑ Currently in Federal Custody
☐ Currently in State Custody
  ☐ Writ Required
☐ Currently on bond
☐ Fugitive

Defense Counsel (if any): Jeffrey Bornstein
☐ FPD ☑ CJA ☐ RET'D
☐ Appointed on Target Letter

☐ This report amends AO 257 previously submitted

## OFFENSE CHARGED - U.S.C. CITATION - STATUTORY MAXIMUM PENALTIES - ADDITIONAL INFORMATION OR COMMENTS

Total # of Counts 6

| Set | Title & Section/Offense Level (Petty = 1 / Misdemeanor = 3 / Felony = 4) | Description of Offense Charged | Count(s) |
|---|---|---|---|
| | SEE ATTACHED | | |
| | | | |
| | | | |
| | | | |
| | | | |

## United States v. Luke D. Brugnara, CR 14-0306 WHA
## Second Superseding Indictment
## Attachment to Penalty Sheet

### Maximum Penalties (Each Count)

<u>Counts One through Four</u>: Wire Fraud (18 U.S.C. § 1343)

Imprisonment: 20 years

Fine: $250,000 (or twice the value of the property involved in the offense, whichever is greater)

Supervised Release: 3 years

Special Assessment: $100

Restitution: To be determined by the Court

<u>Count Five</u>: Mail Fraud (18 U.S.C. § 1341)

Imprisonment: 20 years

Fine: $250,000 (or twice the value of the property involved in the offense, whichever is greater)

Supervised Release: 3 years

Special Assessment: $100

Restitution: To be determined by the Court

<u>Counts Six and Seven</u>: False Declaration Before Court (18 U.S.C. § 1623)

Imprisonment: 5 years

Fine: $250,000

Supervised Release: 3 years

Special Assessment: $100

Restitution: To be determined by the Court

| Count Eight: | Escape (18 U.S.C. § 751(a)) |
|---|---|
| Imprisonment: | 5 years |
| Fine: | $250,000 |
| Supervised Release: | 3 years |
| Special Assessment: | $100 |
| Restitution: | To be determined by the Court |
| Count Nine: | Contempt of Court (18 U.S.C. § 401(3)) |
| Imprisonment: | Discretion of the Court |
| Fine: | Discretion of the Court |
| Special assessment: | $100 |

```
 1 | MELINDA HAAG (CABN 132612)
   | United States Attorney
 2 |
 3 |
 4 |
 5 |
 6 |
 7 |
```

FILED
2015 MAR 12 P 3: 20
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) NO. CR 14-0306 WHA |
|---|---|
| Plaintiff, | ) |
| | ) VIOLATIONS: Title 18, United States Code, Section 1341—Mail Fraud; Title 18, United States Code, Section 1343—Wire Fraud; Title 18, United States Code, Section 1623—False Declaration Before Court; Title 18, United States Code, Section 751(a)—Escape; Title 18, United States Code, Section 401(3)—Contempt of Court; Title 18, United States Code, Sections 982(a)(1)(c), and Title 28, United States Code, Section 2461(c)—Forfeiture Allegation |
| v. | |
| LUKE D. BRUGNARA, | |
| Defendant. | |
| | ) SAN FRANCISCO VENUE |

## SECOND SUPERSEDING INDICTMENT

The Grand Jury charges:

### Introductory Allegations

1. The defendant, Luke D. BRUGNARA, was an individual who resided in San Francisco, California.

2. Victim 1 was an individual who resided in the State of New York. Victim 1 was an art dealer.

### The Scheme to Defraud

3. From approximately March 2014 through at least approximately May 2014, BRUGNARA devised and executed a material scheme and artifice to defraud Victim 1, and to obtain

money and property from Victim 1 by means of materially false and fraudulent pretenses, representations, and promises, and by omission and concealment of material facts. BRUGNARA executed his scheme by, among other things, agreeing to purchase, accepting delivery of, and maintaining possession of several pieces of art for which he had agreed to pay a total of approximately $11,000,000 based on the false representation that he intended to and would pay for that art, and then refusing to pay for the art or to return it.

4. In furtherance of his scheme to defraud and to obtain property, BRUGNARA made many material misrepresentations and omitted and concealed many material facts, including but not limited to the following:

    a. BRUGNARA falsely stated he intended to and would pay for the art;

    b. BRUGNARA omitted that he had almost no income, no assets, and no means to pay for the art he had agreed to purchase, and he omitted that he had a substantially negative net worth;

    c. BRUGNARA falsely stated he wanted to buy the art to place in a museum he was building;

    d. When the art was delivered to BRUGNARA's residence in the presence of Victim 1, BRUGNARA falsely told Victim 1 that he was not expecting Victim 1, that he was too busy to inspect the art at that time, and that he would call Victim 1 later to arrange a time to inspect the art; and

    e. After taking possession of the art and refusing to pay for it, BRUGNARA falsely claimed Victim 1 had given the art to BRUGNARA as a gift.

5. In furtherance of his scheme, BRUGNARA refused to return any of the art, only some of which eventually was seized by law enforcement.

6. It was further part of the scheme that BRUGNARA did conceal and hide, and cause to be concealed and hidden, the acts done and the purpose of the acts done in furtherance of the scheme.

**COUNTS ONE THROUGH FOUR**: (18 U.S.C. § 1343 – Wire Fraud)

7. Paragraphs 1 through 6 are realleged and incorporated herein by reference.

8. On or about the dates set forth in the separate counts below, in the Northern District of California and elsewhere, the defendant,

LUKE D. BRUGNARA,

for the purpose of executing his material scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission and concealment of material facts, did knowingly transmit and cause to be transmitted the following wire communications in interstate commerce:

| COUNT | DATE | ITEM WIRED |
|---|---|---|
| 1 | March 23, 2014 | E-mail from BRUGNARA to Victim 1 stating BRUGNARA "… will buy all of the paintings and put them in my museum…" |
| 2 | March 24, 2014 | E-mail from BRUGNARA to Victim 1 stating BRUGNARA wants "…all the art pieces…including the etchings and the bronzes…" |
| 3 | March 25, 2014 | E-mail from BRUGNARA to Victim 1 stating "Thank you. I look forward to putting them in my museum." |
| 4 | April 15, 2015 | E-mail from BRUGNARA'S attorney stating "Mr. Brugnara was not given a Hermitage Book…" |

Each in violation of Title 18, United States Code, Section 1343.

**COUNT FIVE**: (18 U.S.C. § 1341 – Mail Fraud)

9. Paragraphs 1 through 6 are realleged and reincorporated herein by reference.

10. On or about April 5, 2014 through on or about April 7, 2014, in the Northern District of California and elsewhere, the defendant,

LUKE D. BRUGNARA,

for the purpose of executing his material scheme to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission and concealment of material facts, did knowingly cause crates containing art to be sent and delivered by interstate carrier, in violation of Title 18, United States Code, Section 1341.

**COUNT SIX**: (18 U.S.C. § 1623 – False Declaration Before Court)

11. Paragraphs 1 through 6 are realleged and reincorporated herein by reference.

12. On or about June 17, 2014, in the Northern District of California, the defendant,

LUKE D. BRUGNARA,

while under oath in a proceeding before a court of the United States, did knowingly make a false

material declaration, specifically falsely stating, on direct examination, as italicized below:

Q. Okay. So after you wrote [Victim 1] this e-mail, the discussion sort of transitioned into when she was going to ship the art pieces to Seacliff; is that correct?

A. No.

Q. Okay.

A. I took the e-mails that I got from her, and I sent them to the head of Sotheby's in New York, who's also the head of Bond Street and London, and I asked, you know, what's – you know, what's the value or – I don't have the specific e-mail in front of me, but the essence of it was "How much would you sell these for, and what are they worth?" Just a simple valuation inquiry. *And I heard back that the de Koonings are not authentic, and they would not sell them as de Koonings, and the Degas – they would not sell the Degas because it's not authentic ....*

All in violation of Title 18, United States Code, Section 1623.

**COUNT SEVEN**: (18 U.S.C. § 1623 – False Declaration Before Court)

13. Paragraphs 1 through 6 are realleged and reincorporated herein by reference.

14. On or about June 17, 2014, in the Northern District of California, the defendant,

LUKE D. BRUGNARA,

while under oath in a proceeding before a court of the United States, did knowingly make a false material declaration, specifically falsely stating, on direct examination, as italicized below:

Q. Okay. So after you wrote [Victim 1] this e-mail, the discussion sort of transitioned into when she was going to ship the art pieces to Seacliff; is that correct?

A. No.

Q. Okay.

A. I took the e-mails that I got from her, and I sent them to the head of Sotheby's in New York, who's also the head of Bond Street and London, and I asked, you know, what's – you know, what's the value or – I don't have the specific e-mail in front of me, but the essence of it was "How much would you sell these for, and what are they worth?" Just a simple valuation inquiry. And I heard back that the de Koonings are not authentic, and they would not sell them as de Koonings, and the Degas – they would not sell the Degas because it's not authentic ... *So when*

*I had that information, I phoned [Victim 1], and I told [Victim 1] that, you know, these de Koonings are not authentic.*

All in violation of Title 18, United States Code, Section 1623.

**COUNT EIGHT:** (18 U.S.C. § 751(a) – Escape)

15. Paragraphs 1 through 6 are realleged and reincorporated herein by reference.

16. On or about February 5, 2015, in the Northern District of California, the defendant,

LUKE D. BRUGNARA,

did knowingly escape from custody to which he was confined under and by virtue of process issued under the laws of the United States by a court, judge, and magistrate judge, by virtue of an arrest on a charge of a felony, specifically, mail fraud, wire fraud, and false declarations charged in the first Superseding Indictment in United States District Court for the Northern District of California criminal case number 14-306, and did so with consciousness of guilt with respect to those felony charges, now alleged as Counts One, Two, Three, Five, Six, and Seven of this Second Superseding Indictment; all in violation of Title 18, United States Code, Section 751(a).

**COUNT NINE:** (18 U.S.C. § 401(3) – Contempt of Court)

17. Paragraphs 1 through 6 are realleged and reincorporated herein by reference.

18. Beginning on or about February 5, 2015, and continuing through on or about February 11, 2015, in the Northern District of California, the defendant,

LUKE D. BRUGNARA,

did willfully disobey and resist a clear and definite lawful order, rule, decree, and command of a court of the United States of which defendant was aware, specifically, an order, rule, decree, and command issued by the United States District Court for the Northern District of California in criminal case number 14-306, and did so with consciousness of guilt with respect to the charges of mail fraud, wire fraud, and false declarations alleged in the first Superseding Indictment in that case and which are now alleged as Counts One, Two, Three, Five, Six, and Seven of this Second Superseding Indictment; all in violation of Title 18, United States Code, Section 401(3).

**FORFEITURE ALLEGATION:** (18 U.S.C. § 982(a)(1)(c), and 28 U.S.C. § 2461(c))

19. Paragraphs 1 through 18 of this Second Superseding Indictment are hereby re-alleged and

incorporated by reference as if set forth in full herein.

20. Upon a conviction of the offense alleged in Counts One through Four, the defendant,

LUKE D. BRUGNARA,

shall forfeit to the United States all property constituting and derived from proceeds traceable to that offense, including but not limited to a sum of money equal to the amount of proceeds obtained as a result of the offense.

21. If any of said property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred to, sold to, or deposited with a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

any and all interest defendant has in other property shall be vested in the United States and forfeited to the United States pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(a)(1)(c), and Title 28, United States Code, Section 2461(c) and Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED:

3-12-15

A TRUE BILL.

FOREPERSON

MELINDA HAAG
United States Attorney

DAVID R. CALLAWAY
Chief, Criminal Division

(Approved as to form: _____)
AUSAs Harris and Kingsley

SECOND SUPERSEDING INDICTMENT
CR 14-0306 WHA                           6