UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES,
    Plaintiff

v.

LUKE BRUGNARA,
    Defendant

Hon. William Alsup
CR-14-306WHA

NOTICE TO COURT; 4TH REQUEST TO APPOINT JAMES STEVENS TO ASSIST DEFENDANT WITH LEGAL RESEARCH AND PRE-TRIAL LEGAL ISSUES AND TRIAL; DECLARATION LUKE BRUGNARA

Defendant, Luke Brugnara ("Luke") has motioned this Court several times to appoint James Stevens, in the interests of justice and to preserve judicial economy; to assist Luke in trial preparation and trial, by providing legal research and advice, if requested. This Court has not done so. Luke advised this Court last Tuesday, April 7, 2015, that Luke is entitled under the US Constitution as a pro se litigant to pre-trial access to a law library to access case precedent to prepare motions and replies for pretrial. There is no law library at jail, nor computer access to case precedent. Luke told the Court this fact. Luke also told this Court that this is a violation of his rights to due process under the US Constitution (Nunez v. Holder)(see prior motion). Luke was advised by this Court that

the jail could provide legal research if a written request was placed to Inmate Services. Luke explained he is locked in a cell 24/7 and such notice can only be left in the door and such method is unreliable, as numerous inmates can intercept that request; moreover Luke handed personally [LEGAL RESEARCH] a request to the Deputy last Thursday and [LUKE] still hasn't received the requested legal research, days after the court dates have lapsed to reply. ~~Amanda~~ (Deputy Rosas) Luke complained to head of Inmate Services, Deputy Lacey, and she advised it could take another 72 hours (3 days) and she "would look into it". I told her I put a request in my door the week prior (8 days earlier) and it wasn't responded to. In short, I am being severely prejudiced as a pro-se litigant with denial of my constitutional Right to legal research. This could have easily been avoided and corrected with James Stevens providing legal research, but this court inexplicably refuses to allow this. Luke DID NOT prefer to be pro-se status; but rather hire his own attorney. Luke needed/needs to have reasonable bail to hire his own attorney – to borrow $500,000 from lenders; meet and arrange the funding to facilitate this. This court has inexplicably denied Luke reasonable bail to borrow the funds to hire private effective counsel. Instead, this court has appointed ~~xxxxxx~~ ineffective counsel that delayed this trial 10 months to

Luke's extreme prejudice and has reduced Luke to pro se status. (This Court's offer of Mr. Gasieau 3/14 was not a solution, Mr. Gasieau lives 2 hours + away in Santa Rosa-Russian River and told me he would commute daily to/from trial... this is absurd, as the trial begins each morning @ 7:30 AM in S.F.) (moreover Gasieau was not ready for another 4 months and Luke has "wasting syndrome" medical condition). Thus, this Court must allow Luke access to Legal Research and legal advise; and prior in limines and other pretrial matters were and are compromised by Luke's non-access to legal research, as guaranteed under the US Constitution.

Respectfully,

[signature]

4/18/15

DECLARATION OF LUKE BRUGNARA

I LUKE BRUGNARA DECLARE THE FOREGOING TRUE AND CORRECT UNDER PENALTY.

[signature]

4/18/15