JASON P. GONZALEZ (CA BAR NO. 178768)
NIXON PEABODY LLP
555 West Fifth Street, 46th Floor
Los Angeles, California 90013-1010
Telephone:    (213) 629-6000
Facsimile:    (213) 629-6001
Email:        jgonzalez@nixonpeabody.com

Attorneys for Third Party Witness
Gary Tinterow

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiffs,<br><br>     vs.<br><br>LUKE D. BRUGNARA,<br><br>                    Defendant. | Case No.: 3:14-CR-00306-WHA-1<br><br>**GARY TINTEROW'S MOTION TO QUASH SUBPOENA**<br><br>[Proposed] Hearing Date:   4/28/15<br>Time:                       2:30 p.m. |

## I.   INTRODUCTION

Pursuant to Federal Rule of Criminal Procedure 17, Non-Party Gary Tinterow ("Mr. Tinterow") hereby moves to quash the Subpoena to Testify in a Criminal Case (the "Subpoena") served on Mr. Tinterow. (A copy of the Subpoena is attached as Exhibit A). Mr. Tinterow is Director of the Museum of Fine Arts, Houston ("MFAH") and works and lives in Houston, Texas. Mr. Tinterow is not a party to this case. As Mr. Tinterow understands that the Court has set a hearing for Tuesday, April 28, at 2:30 p.m. to hear other motions to quash similar third-party subpoenas, Mr. Tinterow respectfully requests that this motion be heard at that time as well.

On April 21, 2015, a deputy United States Marshal for the Southern District of Texas served the Subpoena on Mr. Tinterow in Houston, Texas. The Subpoena requires him to appear and give

4843-0327-3763.1

testimony before this Court on Monday, April 27, 2015. The Subpoena requests that Tinterow "testify that 'Valsuani' Little Dancer is not [an] original Degas, but rather cast in 1997/1998 from a plaster created by a copyist; and that originals are in museums." *Id.* The Subpoena further states, in parentheses, "Sotheby states 'NSV' [no significant value] = decorative art piece[.]"

As Mr. Tinterow has no knowledge of any of the facts giving rise to this case, Defendant Luke Brugnara ("Defendant") presumably seeks Mr. Tinterow's testimony as an expert who might testify concerning the authenticity of a work alleged to be that of Nineteenth Century French Sculptor Edgar Degas. Mr. Tinterow moves to Quash the Subpoena because compliance with it would be unreasonable and oppressive, and most importantly, Mr. Tinterow has no personal knowledge of the facts giving rise to this case, and does not otherwise appear able to offer testimony of any value to the trier of fact.

## II.   ARGUMENT

The Federal Rules of Criminal Procedure provide that upon a "motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." FED. R. CRIM. P. 17(c)(2). *See also United States v. Collins*, 2013 WL 1089908, at *2 (N.D. Cal . 2013) ("Enforcing or quashing Rule 17(c) subpoenas is within the discretion of the trial judge and will not be disturbed unless arbitrary or without support in the record.") (quoting *United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984)). The Court should quash the subpoena of Mr. Tinterow because ordering Mr. Tinterow to appear in this case would be unreasonable and oppressive due to the late notice given to Mr. Tinterow, Mr. Tinterow's lack of any personal knowledge relevant to this case, and Mr. Tinterow's busy fundraising and travel schedule.

Mr. Tinterow first received notice of the Subpoena and of this case when he was served by hand on April 21, 2015, despite the fact that the Subpoena had been issued two weeks earlier on April 7, 2015. The Subpoena gives Mr. Tinterow only six days' notice of the date on which he is to appear

to testify in San Francisco, California. No attempt was made to give Mr. Tinterow advance notice of the intent to call him as a witness or to try to work with his schedule. Furthermore, appearing at trial for an indefinite period of time would be especially onerous given Mr. Tinterow's schedule, which includes domestic and international travel, including a longstanding family vacation from Friday, April 24 through Monday, April 27, long-scheduled trips to New York and Italy for museum business from Friday, May 1 through Friday, May 8, as well as meetings with persons traveling to Houston on Tuesday, April 28 and Thursday, April 30, 2015. In addition to his travel and meeting obligations, Mr. Tinterow is hosting and serving as a juror in a juried art show and festival that opens on Wednesday, April 29, 2015. The wholesale disruption of Mr. Tinterow's business as the director of one of the nation's largest museums is unwarranted, particularly given his complete inability to offer admissible evidence in this case, as explained below.

Most significantly, requiring Mr. Tinterow's compliance with this Subpoena would be unreasonable because his testimony would appear to be inadmissible due to his lack of any personal knowledge of the relevant facts and the apparent unavailability of the sculpture about which he has been subpoenaed to testify. While Mr. Tinterow is known to have stated that the so-called "Valsuani Degas" sculptures should not be considered authentic works of Edgar Degas, he has no personal knowledge of the particular sculpture at issue in this case, whether it is or is not a Valsuani Degas, and thus would be completely inappropriate as a fact witness in this case. *See* FED. R. EVID. 602 (requiring a witness to possess personal knowledge of a matter to testify). Because an expert evaluation of a particular work of art's authenticity or value generally requires a personal inspection, the unavailability of the sculpture at issue would preclude Mr. Tinterow giving any opinion about its provenance. *See* FED. R. EVID. 702 (limiting opinion testimony of expert witnesses to opinions based on "sufficient facts or data"); *see also* FED. R. EVID. 703 (limiting the basis of an expert opinion to facts or data that may be "perceived or made known to the expert at or before the hearing").

It also appears that any purported "expert" testimony of Mr. Tinterow regarding the sculpture would not be relevant to the issues in this case, at least as those issues are reflected in the indictment and complaint. As Mr. Tinterow is charged with falsely promising to pay several million dollars for several pieces of art, it would not appear that the alleged "true" value of one of those pieces of art would have any bearing on whether Mr. Tinterow made such a false promise. This is particularly true where there is no evidence to indicate that Mr. Tinterow ever communicated any information about the Degas sculpture to anyone involved in this case.

## III. CONCLUSION

For the foregoing reasons, Mr. Tinterow respectfully requests that this Court quash the Subpoena.

Dated: April 23, 2015

Respectfully submitted,

*Of Counsel:*

By: _____
Jason P. Gonzalez
ATTORNEYS FOR GARY TINTEROW,
DIRECTOR, MUSEUM OF FINE ARTS, HOUSTON

**James Edward Maloney**
*Pro Hac Vice Motion Pending*
Texas Bar No. 12881500
Federal Bar No. 01419
jamesmaloney@andrewskurth.com
**Patrick Yarborough**
*Pro Hac Vice Motion Pending*
Texas Bar No. 24084129
Federal Bar No. 2451377
patrickyarborough@andrewskurth.com
600 Travis, Suite 4200
Houston, Texas 77002
713-220-4200
Fax: 713-238-7246

# EXHIBIT A

*Jennifer Carpenter*   713.639.7886

CAND 89A (Rev. 8/12) Subpoena to Testify in a Criminal Case          14-CR-00306
                                                                      #8

# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | SUBPOENA TO TESTIFY |
|---|---|
| Plaintiff, | IN A CRIMINAL CASE |
| v. | Case No.: CR-14-0306WHA |
| LUKE BRUGNARA, Defendant(s). | |

TO: GARY TINEROW, DIRECTOR, HOUSTON MUSEUM FINE ART
1001 Bissonnet, Houston, TX 77005

YOU ARE COMMANDED to appear at the place, date, and time specified below, or any subsequent date and time set by the court, to testify in the above-referenced case. This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE | | | COURTROOM/JUDGE |
|---|---|---|---|
| ☑ United States Courthouse 450 Golden Gate Avenue San Francisco, CA 94102 | ☐ United States Courthouse 280 South First Street San Jose, CA 95113 | ☐ United States Courthouse 1301 Clay Street Oakland, CA 94612 | 8 / ALSUP |
| | | | DATE AND TIME |
| | | | APRIL 27, 2015 |

☐ You are also commanded to bring with you the following document(s) or object(s):   OR AS DIRECTED BY THE COURT (415) 522-2020 CLERK

GARY, TO TESTIFY THAT "VALSUANI" LITTLE DANCER IS NOT ORIGINAL DEGAS, BUT RATHER CAST IN 1997/1998 FROM A PLASTER CREATED BY A COPYIST; AND THAT ORIGINALS ARE IN MUSEUMS.

NOTE: Subpoena forms for the production of documents or objects at or in advance of the trial, hearing or proceeding at which the items are to be offered in evidence (CAND 89B, *Subpoena to Produce Documents or Objects in a Criminal Case*) or for the production of state law enforcement personnel or complaint records (CAND 89C, *Subpoena to Produce State Law Enforcement Personnel Or Complaint Records in a Criminal Case*) are available at the Court's Internet site: cand.uscourts.gov.

SHORT TESTIMONY

SOTHEBY STATES
"NSV = DECORATIVE ARTPIECE

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT **RICHARD W. WIEKING** | DATE |
|---|---|
| (By) Deputy Clerk **DAWN K. TOLAND** | APR - 7 2015 |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

CAND 89A (Rev. 8/12) Subpoena to Testify in a Criminal Case

| PROOF OF SERVICE | | |
|---|---|---|
| RECEIVED BY SERVER | DATE | PLACE |
| SERVED | DATE | PLACE |
| SERVED ON (PRINT NAME) | | FEES AND MILEAGE TENDERED TO WITNESS<br>☐ YES  ☐ NO   AMOUNT $ |
| SERVED BY (PRINT NAME) | | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS:

ADDITIONAL INFORMATION

ORIGINAL FILED

APR - 7 2015

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

LUKE D. BRUGNARA,

Defendant.

No. CR 14-00306 WHA

ORDER RE DEFENDANT'S RULE 17 SUBPOENAS

Defendant Luke Brugnara has filed applications for the issuance of several Rule 17 subpoenas to testify at trial. Defendant's requests are **GRANTED** for the following witnesses, without prejudice to a motion to quash: Jameth Record, Brenda McCoy, Patricia Failing, Gary Tinnerow, Mary Beecroft, Mark Levinson, Troy Carasco, Jennifer Biederback, Si Newhouse, Jack Shaoul, Joan Michelman, Nick Barbato, Doug Johnson, Frank Sanders, and Tony Crossley. The Marshal shall serve the subpoenas on these witnesses as if on behalf of the government pursuant to FRCrP 17(b).

Defendant has also filed a request for the issuance of a subpoena for documents to John MacWhinnie. That request is **GRANTED**, without prejudice to a motion for a protective order. The Marshal shall serve this subpoena as if on behalf of the government pursuant to FRCrP 17(b).

**IT IS SO ORDERED.**

Dated: April 7, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

## Carpenter, Jennifer

| | |
|---|---|
| **Full Name:** | Jeremy Desor |
| **Last Name:** | Desor |
| **First Name:** | Jeremy |
| **Job Title:** | Special Agent |
| **Company:** | Federal Bureau of Investigation |
| **Mobile:** | (415) 238-9857 |

Luke Brugnara Case - Degas

# CERTIFICATE OF SERVICE

*United States of America v. Luke Brugnara*

CR 14-00306 WHA

The undersigned hereby certifies that she is an employee of the law firm Nixon Peabody LLP, located at 555 West Fifth Street, 46th Floor, Los Angeles, California 90013, and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that on this 23rd day of April, 2015, she is causing a true and correct copy of the following:

1. **GARY TINTEROW'S MOTION TO QUASH SUBPOENA**
2. **ORDER ON GARY TINTEROW'S MOTION TO QUASH SUBPOENA**

to be served this date upon the person indicated below at the address shown:

**Luke D. Brugnara – ULQ905**
**The Glenn E. Dyer Detention Facility**
**550 – 6th Street**
**Oakland, CA  94607**

__X__ : By First-Class Mail — I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the United States Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in Los Angeles, California, for mailing to the office of the addressee following ordinary business practices.

____ : By Personal Service — I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressee.

____ : By Overnight Courier — I caused each such envelope to be given to an overnight mail service at Los Angeles, California, to be hand delivered to the office of the addressee on the next business day.

____ : By Facsimile — Facsimile transmission to the parties and numbers listed below. The facsimile machine I used complied with the provisions of Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this Declaration.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed April 23, 2015 at Los Angeles, California.

*/s/ Corinne Ubence*
Corinne Ubence

4843-0327-3763.1